IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WALTER EDWARD HALL, #225628 * | |
| Petitioner, | |
| * | |
| v. | CIVIL ACTION NO. DKC-09-2153 |
| * | |
| DR. JAMES K. HOLWAGER, ED. D. | |
| RICHARD B. ROSENBLATT, ASSISTANT * | |
| SECRETARY and | |
| THE ATTORNEY GENERAL OF THE * | |
| STATE OF MARYLAND | |
| Respondents. * | |
| *** | |

## MEMORANDUM OPINION

On August 14, 2009, the court received for filing Walter Edward Hall's ("Hall") habeas corpus petition, filed on 28 U.S.C. § 2254 writ of habeas corpus forms. Hall, who is confined at the North Branch Correctional Institution, does not attack the fact of his 1992 life sentence imposed in the Circuit Court for Baltimore City or the length and duration of his confinement. Rather, he challenges his continued confinement in an institution within the Maryland Division of Correction ("DOC") a division of the Maryland Department of Public Safety and Correctional Services ("DPSCS"). Hall claims that he should be housed in a facility within the Maryland Department of Health and Mental Hygiene ("DHMH") in light of his diagnosis of paranoid schizophrenia, bipolar disorder, and manic depression. Paper No. 1. He complains that he has been denied admission to a psychiatric institution for twenty years. Hall states that he is being unconstitutionally held in the DOC and asks the court to compel the DOC to hospitalize him at the Clifton T. Perkins State Hospital or another state mental facility.

Accompanying the "petition" are numerous reports which Hall claims are self-explanatory and demonstrate the obvious nature of his psychological illness. He states that he has been

diagnosed with the aforementioned mental health disorders by multiple psychiatrists, psychologists, and other psychological and medical professionals. Hall asserts that his illnesses have caused him to "decline more daily." Paper No. 1. He further maintains that Patuxent Institution staff have refused to accept him each of the four times that DOC staff has sent him to that facility and they have filed false documents stating that he is a "malingerer." Named as Respondents are NBCI Psychologist James Holwager, DPSCS Assistant Secretary for Treatment Services Richard B. Rosenblatt, and the Office of the Maryland Attorney General. Because he appears indigent, Hall's Motion for Leave to Proceed *In Forma Pauperis* shall be granted.

Based upon the multiple and varied allegations raised in this case, the matter has been construed as a hybrid 28 U.S.C. § 2241 habeas corpus petition, a 28 U.S.C. § 1361 writ of mandamus, and a 42 U.S.C. § 1983 civil rights action for injunctive relief. For reasons to follow, the case shall be dismissed.

Sections 2241 or 2254 Petitions

The federal habeas corpus statutes grant a district court jurisdiction to entertain petitions for habeas corpus relief only for persons who are in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C.§§ 2241(c)(3), 2254(a); *Maleng v. Cook,* 490 U.S. 488, 490 (1989). A claim brought pursuant to 28 U.S.C. § 2241 is cognizable if it attacks the execution of an inmate's sentence as it affects the fact or duration of the inmate's confinement. *See, e.g., Overturf v. Massie,* 385 F.3d 1276, 1278 (10th Cir. 2004). Section 2241 allows a petitioner to attack the execution of a sentence in the district where he is confined.[1]

---

[1] "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500

According to Hall, subsequent to his conviction, a Baltimore City Circuit Court Judge sentenced him to a life term to be served in the DOC. He continues to serve that sentence. He does not attack the fact or length of his custody and detention. Rather, he challenges the form of custody, alleging that he should be housed in a mental health versus a correctional facility. His claims do not implicate the core basis for district court's habeas corpus jurisdiction which is to raise a constitutional challenge to the fact of or duration of an inmate's confinement. Indeed, for all intents and purposes, Hall has raised issues concerning the adequacy of his medical care and treatment while in state custody. His claim is not cognizable under § 2241 or § 2254.

Section 1361 Petition for Mandamus

Hall seeks to compel Maryland officials to transfer him to a state mental health facility. This claim for relief may alternatively be construed as a petition for writ of mandamus. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. This court does not have jurisdiction to compel Maryland authorities to take action. *See AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Consequently, the writ of mandamus shall be denied.

Section 1983 Civil Rights Action

---

(1973); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. *Id.* at 811; *See McIntosh,* 115 F.3d at 811-12 (A challenge to the validity of an inmate's conviction and sentence should be brought under § 2254,while an attack on the execution of his sentence is properly brought pursuant to § 2241.); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).

3

According to this action, Hall entered a "Not Criminally Responsible" plea to a charge of first degree murder. State court docket entries show that he entered a not guilty plea but was subsequently convicted of the offense and sentenced to a life term. *See State v. Hall*, Case No. 190143003 (Circuit Court for Baltimore City) (copy attached). The conviction and sentence resulted in his being remanded into the custody of the DOC in order to serve his term in a correctional facility. To the extent that Hall is alleging that he has been denied adequate mental health care over the past twenty years and his claim may be construed as a § 1983 civil rights claim under the Eighth Amendment, his cause of action shall be dismissed without prejudice. First, any claims arising before August 12, 2006, would be barred under the applicable three-year statute of limitations.[2] Further, while Hall claims that he has been diagnosed with multiple mental health conditions, he has not provided a statement of facts which particularly discuss how and when he was denied constitutionally adequate psychiatric care and who denied him such treatment.[3] For these reasons, any court-construed civil rights claim shall be dismissed without prejudice. Hall may file a § 1983 complaint which complies with the court's concerns. A form packet shall be provided to him.

---

[2] When enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id*. at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Upon review of Maryland's limitations provisions, Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

[3] Hall's own records show that he has been repeatedly seen by mental health care providers, evaluated for treatment, and provided psychotropic medications throughout his DOC confinement. Paper No. 1 at Exs. 1-23.

A separate Order shall be entered which dismisses this hybrid habeas corpus/mandamus petition with prejudice, but dismisses any court-construed civil rights claim without prejudice.

Date:  September 25, 2009             _____/s/_____
                                      DEBORAH K. CHASANOW
                                      United States District Judge